**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KEITH PETERSON, individually and on
behalf of a class of all persons and entities
similarly situated,

            Plaintiff,

          v.

REPUBLIC SERVICES, INC.,

            Defendant.

C.A. No.: 1:25-cv-01344-GBW

**DEFENDANT REPUBLIC SERVICES INC.'S ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

1.    **ALLEGATION:** Keith Peterson ("Plaintiff") brings this class action against Republic Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:** Defendant admits that Plaintiff purports to bring his claims under the Telephone Consumer Protection Act ("TCPA") individually and as the representative of a proposed class, but denies the remaining allegations.

2.    **ALLEGATION:** As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

**ANSWER:** Defendant states that *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020) and any other written materials referenced in this paragraph speak for themselves and denies all efforts to characterize the same. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations and therefore denies the allegations.

3.      **ALLEGATION:** Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**ANSWER:** Defendant states that Section 227(b)(1)(A)(iii) of the TCPA speaks for itself and denies all efforts to characterize the same.

4.      **ALLEGATION:** Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

**ANSWER:** Defendant states that this paragraph contains legal conclusions to which no response is required and otherwise denies all such allegations.

5.      **ALLEGATION:** More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to wrong or reassigned cellular telephone numbers.

**ANSWER:** Denied.

6.      **ALLEGATION:** This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

**ANSWER:** Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies all such allegations.

7.      **ALLEGATION:** Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**ANSWER:** Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies all such allegations.

8.      **ALLEGATION:** Defendant directed, or caused to be directed, artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district and Defendant resides in this District.

**ANSWER:** Defendant admits that it is incorporated under the laws of Delaware but otherwise denies the allegations in this paragraph.

9.      **ALLEGATION:** Plaintiff is a natural person.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

10.      **ALLEGATION:** Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

11.     **ALLEGATION:** Defendant is a corporation with its principal place of business in this District.

**ANSWER:**  Defendant admits that it is a corporation but otherwise denies the remaining allegations.

12.     **ALLEGATION:** Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant states that it is a corporation.

13.     **ALLEGATION:** Plaintiff is, and at all times mentioned herein was a "person" as the term is defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

14.     **ALLEGATION:** Plaintiff's cellular telephone number is (502) 487-XXX.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

15.     **ALLEGATION:** Plaintiff uses his cellular telephone number for personal, residential, and household purposes.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

16.   **ALLEGATION:** Despite this, Defendant has called Plaintiff approximately thirty (30) times, beginning in late May or early June 2025.

**ANSWER:** Denied.

17.   **ALLEGATION:** After Plaintiff received the first call, in late May or early June 2025, he called Defendant back and told Defendant that it had the wrong number, but the calls continued.

**ANSWER:** Denied.

18.   **ALLEGATION:** For example, on September 2, 2025, Defendant placed a prerecorded call to Plaintiff from telephone number (859) 263-2000.

**ANSWER:** Denied.

19.   **ALLEGATION:** The caller left a prerecorded voicemail seeking an unpaid debt for an individual other than Plaintiff, identifying itself as "Republic Services," and providing the website address www.republicservices.com, as well as a call back number of (859) 263-2000.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

20.   **ALLEGATION:** On September 16, 2025, Defendant called Plaintiff again, but from telephone number (618) 619-1633.

**ANSWER:** Denied.

21.   **ALLEGATION:** In an attempt to get the phone calls to stop, on September 16, 2025, Plaintiff called Defendant at telephone number (800) 262-6565 and requested to be added to Defendant's Do Not Call list. Plaintiff also informed Defendant they were calling the wrong telephone number.

**ANSWER:** Defendants denies that Plaintiff called Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding the content of the alleged September 16, 2025 phone call and therefore denies the allegations.  Defendant denies any remaining allegations in this paragraph.

22.    **ALLEGATION:** Despite this, on September 17, 2025, Defendant placed another prerecorded call to Plaintiff from telephone number (859) 263-2000.

**ANSWER:** Denied.

23.    **ALLEGATION:** The caller left a prerecorded voicemail seeking an unpaid debt for an individual other than Plaintiff, identical to the voicemail Plaintiff received on September 2, 2025. Again, the prerecorded voicemail identified itself as "Republic Services," and provided the website address www.republicservices.com, as well as a call back number of (859) 263-2000.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations and therefore denies the allegations.

24.    **ALLEGATION:** In a second attempt to get the phone calls to stop, on October 13, 2025, Plaintiff called Defendant at telephone number (800) 262-6565 and requested to be added to Defendant's Do Not Call list again. Plaintiff also informed Defendant they were calling the wrong telephone number again.

**ANSWER:** Defendants denies that Plaintiff called Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding the content of the alleged October 13, 2025 phone call and therefore denies the allegations.  Defendant denies any remaining allegations in this paragraph.

25.    **ALLEGATION:** Plaintiff asked to be added to Defendant's internal Do Not Call list twice.

**ANSWER:** Defendants denies that Plaintiff called Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding the content of the alleged phone call and therefore denies the allegations.   Defendant denies any remaining allegations in this paragraph.

26.    **ALLEGATION:** Plaintiff suffered actual harm as a result of Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, a private nuisance and was harassed by the conduct of Defendant.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

27.    **ALLEGATION:** Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Republic Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who had an account in collections with Republic Services, Inc., (3) in connection with which Republic Services, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

**ANSWER:** Defendant admits that Plaintiff purports to bring a case on behalf of a class pursuant to Fed. R. Civ. P. 23.  Defendant denies all remaining allegations, including that a class could be certified.

28.    **ALLEGATION:** Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER:** Defendant admits that Plaintiff purports to bring a case on behalf of a class pursuant to Fed. R. Civ. P. 23. Defendant denies all remaining allegations, including that a class could be certified.

29. **ALLEGATION:** Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies all remaining allegations, including that a class could be certified.

30. **ALLEGATION:** The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

31. **ALLEGATION:** The members of the class are ascertainable because they are defined by reference to objective criteria.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

32. **ALLEGATION:** In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

33. **ALLEGATION:** Plaintiff's claims are typical of the claims of the members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

34.    **ALLEGATION:** As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

**ANSWER:** Denied.

35.    **ALLEGATION:** In addition, like all members of the class, Plaintiff did not have an account in collections with Defendant.

**ANSWER:** Defendant admits that Plaintiff did not have an account in collections with Defendant.  Defendant denies all remaining allegations.

36.    **ALLEGATION:** Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER:** Denied.

37.    **ALLEGATION:** Plaintiff's claims are based on the same theories as the claims of the members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

38.    **ALLEGATION:** Plaintiff suffered the same injuries as the members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

39.    **ALLEGATION:** Plaintiff will fairly and adequately protect the interests of the members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

40.    **ALLEGATION:** Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

41.    **ALLEGATION:** Plaintiff will vigorously pursue the claims of the members of the class.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

42.    **ALLEGATION:** Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

43.    **ALLEGATION:** Plaintiff's counsel will vigorously pursue this matter.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

44.    **ALLEGATION:** Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

**ANSWER:** Defendant lacks sufficient information to form a belief as to the allegations and therefore denies the allegations.

45.    **ALLEGATION:** The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

46.    **ALLEGATION:** Issues of law and fact common to all members of the class include:

    a.  Defendant's violations of the TCPA;

    b.  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c.  Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d.  Defendant's use of an artificial or prerecorded voice; and

    e.  The availability of statutory penalties.

**ANSWER:**  This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47.    **ALLEGATION:** A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

48.    **ALLEGATION:** If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

49.    **ALLEGATION:** The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

50.    **ALLEGATION:** The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

51.    **ALLEGATION:** These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

52.    **ALLEGATION:** The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

53.    **ALLEGATION:** The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

54.    **ALLEGATION:** There will be little difficulty in the management of this action as a class action.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55.    **ALLEGATION:** Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

56.    **ALLEGATION:** Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

**ANSWER:** Defendant incorporates by reference its answers to all allegations in the preceding paragraphs as though they were set forth fully herein.

57.    **ALLEGATION:** Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

**ANSWER:**  This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

58.    **ALLEGATION:** As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**ANSWER:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Defendant Republic Services, Inc. also pleads the following affirmative and other defenses to Plaintiff's Complaint. Defendant pleads these defenses based on its current understanding of all allegations, claims, and legal theories in the Complaint. Defendant reserves the right to amend and add to these defenses. In asserting these defenses, Defendant does not suggest or concede that it has the burden of proof with respect to any particular issue at law or in equity, nor does Defendant suggest or concede that Plaintiff can sustain any cause of action or claim against Defendant, since Defendant did not take any actions alleged in the Complaint. Further, all of Defendant's defenses are pleaded in the alternative, and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever.

1.    Plaintiff and members of the purported class have not suffered any cognizable injury in fact to support standing to pursue their claims against Defendant, including because they were not called by Defendant in violation of the TCPA.

2.    Plaintiff and members of the purported class have brought this action in an improper venue as they are not located in this district and the relevant conduct did not occur in this district. The appropriate venue is in Kentucky as that is where Plaintiff appears to reside and where the challenged calls appear to have been received.

3.      The Court lacks jurisdiction over the true and appropriate party who services customers and contacts customers to collects on their debts in Kentucky. As stated above, that conduct is not done by Defendant, but is conducted by one of its subsidiaries, a wholly separate legal entity that is neither incorporated in nor based in Delaware and that has not been named as a defendant in this litigation.

4.      Defendant Republic Services, Inc. made no calls to Plaintiff or any putative class member, but to the extent that Plaintiff is attempting to state claims relating to calls that he and/or class members received from or on behalf of a corporate affiliate of Republic Services, Inc., such calls did not violate the TCPA because they were made with the prior express consent of the recipient.

5.      Defendant Republic Services, Inc. made no calls to Plaintiff or any putative class member, but to the extent that Plaintiff is attempting to state claims relating to calls that he and/or class members received from or on behalf of a corporate affiliate of Republic Services, Inc., such calls did not violate the TCPA because they were made with the prior express consent of the owner of the phone number at which the call was received.

6.      Defendant Republic Services, Inc. made no calls to Plaintiff or any putative class member, but to the extent that Plaintiff is attempting to state claims relating to calls that he and/or class members received from or on behalf of a corporate affiliate of Republic Services, Inc., such calls did not violate the TCPA because the caller made the call based on the good faith belief that the owner of the phone number being called had given his prior express consent.

7.      Defendant Republic Services, Inc. made no calls to Plaintiff or any putative class member, but to the extent that Plaintiff is attempting to state claims relating to calls that he and/or class members received from or on behalf of a corporate affiliate of Republic Services, Inc.,

Plaintiff and putative class members failed to mitigate their damages by failing to inform the caller that they no longer wished to receive calls in the future.

8.    Defendant Republic Services, Inc. made no calls to Plaintiff or any putative class member, but to the extent that Plaintiff is attempting to state claims relating to calls that he and/or class members received from or on behalf of a corporate affiliate of Republic Services, Inc., such calls did not violate the TCPA because such calls did not introduce an advertisement or constitute telemarketing.

Dated:   January 12, 2026

WHITEFORD, TAYLOR & PRESTON LLP

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esquire (#4209)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 357-3254
DGriffith@whitefordlaw.com

*Attorneys for Defendant Republic Services, Inc.*

BRYAN CAVE LEIGHTON PAISNER LLP
Darci F. Madden (*pro hac vice to be submitted*)
Martha L. Kohlstrand (*pro hac vice to be submitted*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: 314-259-2366
Darci.Madden@bclplaw.com
Martha.Kohlstrand@bclplaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Daniel A. Griffith, Esquire, hereby certify on this 12th day of January, 2026, that a true and correct copy of Defendant Republic Services, Inc.'s Answer and Affirmative and Other Defenses to Plaintiff's Class Action Complaint was served upon all counsel of record via e-filing CM/ECF.

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire (#4209)